UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA *ex rel.*
SUZAN J. WALKER, an individual,

        Plaintiff,

vs.                                                    Case No.  2:00-cv-558-FtM-29

RADIOLOGY REGIONAL CENTER, P.A., a
Florida corporation,

        Defendant.
_____

## OPINION AND ORDER

     This matter comes before the Court on defendant Radiology Regional Center, P.A.'s Motion for Reconsideration (Doc. #13) and Amended Motion for Reconsideration of Order Dated March 15, 2007 Unsealing Records (Doc. #14).  Defendant also filed a Memorandum in Opposition to Motion to Intervene (Doc. #11) and an Affidavit of Glenn T. Burhans, Jr., Esq. (Doc. #12).  Defendant seeks reconsideration of the Order, arguing that Dr. Kaplan's intervention was improper and not for any legitimate public purpose.

     Reconsideration of a Court's previous order is an extraordinary remedy and, thus, is a power which should be used sparingly.  <u>Griffin v. Swim-Tech Corp.</u>, 722 F.2d 677, 680 (11th Cir. 1984)(citing <u>Ackermann v. United States</u>, 340 U.S. 193, 202 (1950)); <u>Tucker v. Commonwealth Land Title Ins. Co.</u>, 800 F.2d 1054, 1056 (11th Cir. 1986).  Since the Court's Order was entered one day

prior to the expiration of the time to respond, the Court will reconsider the matter in light of defendant's Memorandum in Opposition.

On March 15, 2007, the Court entered an Order (Doc. #8) granting non-party intervenor Dr. Kaplan's motion to intervene for the limited purposes of unsealing records, and unsealing the original complaint and docket sheet. A motion to intervene is the proper procedural device for a non-party to seek access to court documents which have been placed under seal. Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304 (11th Cir. 2001). Defendant's argument to the contrary is rejected.

The common-law right to access to judicial proceedings "is instrumental in securing the integrity of the process." Chicago Tribune, at 1311 (citing Richmond Newspapers, Inc. v. Virginia, 448 U.S. 555, 564-74 (1980)).  The right is not absolute and a balancing test is required to examine competing interests. Id. (citing Newman v. Graddick, 696 F.2d 796, 803 (11th Cir. 1983)). The suggested factors are whether (1) the records are sought for an illegitimate purpose to promote public scandal or gain unfair commercial advantage; (2) access is likely to promote public understanding of historically significant events; and (3) the press has already received substantial access. Newman, at 803 (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 598-603 (1978)). In some circumstances, a heightened scrutiny is applied where the entire case is sealed from the public without regard to

the fact that proceedings were public record prior to the sealing. Chicago Tribune, at 1311-1312.

Initially, the Court notes that the Amended Qui Tam Complaint, Joint Stipulation of Dismissal and Motion Regarding the Seal, and Notice of Filing Attachment with attached settlement agreement were unsealed and filed on the public docket on or about June 14, 2004. As such, the Court does not find that a heightened scrutiny analysis is required in this case.

The "personal agenda" of Dr. Kaplan may be a competing interest to defendant, however, the Court does not find that the unsealing of the original complaint would promote public scandal or provide unfair commercial advantage. The unsealing of the original complaint is not unduly prejudicial to defendant; the amended complaint was already unsealed, along with the settlement agreement, and the public interest in maintaining a public docket far outweighs any concerns raised by defendant as to the intervenor's motives. Although Local Rule 1.09(c)[1] was not effective upon the filing of the original complaint, the Rule became effective May 31, 2006, and therefore, was effective at the time the motion to intervene was filed and therefore applicable. Finally, the sealing of the Complaint and Amended Complaint was to

---

[1] This Rule states: "Unless otherwise ordered by the Court for good cause shown, no order sealing any item pursuant to this section shall extend beyond one year, although a seal is renewable by a motion that complies with (b) of this rule, identifies the expiration of the seal, and is filed before the expiration of the seal."

allow the government to consider intervention in the qui tam action, 31 U.S.C. § 3730(b); that purpose has been achieved, and sealing of the original Complaint and docket sheet is no longer justified.

Accordingly, it is now

**ORDERED**:

1. Defendant Radiology Regional Center, P.A.'s Motion for Reconsideration (Doc. #13) is **DENIED** as moot.

2. Defendant's Amended Motion for Reconsideration of Order Dated March 15, 2007 Unsealing Records (Doc. #14) is **GRANTED** to the extent that the Court has reconsidered the Motion to Intervene in light of defendant's Response, and the Amended Motion for Reconsideration is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of March, 2007.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record